CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JAN 30 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SUZANNA R. ROWE,<br><br>Plaintiff,<br><br>v.<br><br>RECTOR & VISITORS OF THE UNIVERSITY OF VIRGINIA<br><br>AND<br><br>LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendants | CIVIL NO. 3:06cv00055<br><br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on a motion to dismiss filed by Defendant Rector and Visitors of the University of Virginia ("University"), filed on November 20, 2006 (docket entry no. 6). For the following reasons, this motion will be GRANTED in an order to follow. Additionally, Plaintiff's Motion to Remand, filed on December 11, 2006 (docket entry no. 20), will be DENIED as moot in an order to follow.

## I. BACKGROUND

Plaintiff Suzanna R. Rowe ("Rowe") was a registered nurse employed by the University from March 10, 2003 through February 1, 2005. During that time, she alleges that she was covered by disability plans maintained or administered by the University and Defendant Liberty Life Assurance Company of Boston ("Liberty Life"). Plaintiff suffers from kidney disease (and apparently has so suffered since before her employment began) and has had her left kidney

removed, suffers from frequent urinary infections, high fever, pain, weakness, and fatigue. Since February 1, 2005, Plaintiff's kidney disease and the effects of it have rendered her incapable of securing employment.

Plaintiff applied for short-term benefits from Defendants and was paid benefits from March 8, 2005 through May 3, 2005, but she was denied benefits past May 3, 2005. Accordingly, she has sued pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461 (2000).

The University has filed a motion to dismiss based on three grounds: (1) the plans at issue are "governmental plans" and are therefore not covered by ERISA, (2) immunity, and (3) it had no role in the decision to deny benefits. Liberty Life filed a brief in partial opposition to the University's motion. Liberty Life (1) does not oppose the University's claim that the ERISA plan at issue is a governmental plan, (2) takes no position on the University's claim for immunity, and (3) opposes dismissal of the University on the third ground because the short-term disability plan was, according to Liberty Life, a separate plan administered and maintained by the University.

Additionally, Plaintiff has filed a motion to remand the matter to Liberty Life to consider two reports that Plaintiff claims constitute "new evidence" that were unavailable at the time of the decision to deny short-term and long-term benefits. The University has not filed a brief regarding this motion, but Liberty Life opposes the motion to remand.

## II. DISCUSSION

The University claims that the Court lacks subject matter jurisdiction because the plans at issue are "governmental plans," which are outside the scope of ERISA. *See* 29 U.S.C. § 1003(b)(1) (2000) ("The provisions of this subchapter shall not apply to any employee benefit

plan if ... such plan is a governmental plan (as defined in section 1002(32) of this title).").

ERISA defines a governmental plan as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, *or by any agency or instrumentality of any of the foregoing.*" *Id.* § 1002(32) (emphasis added). According to Plaintiff, the plan at issue here was maintained for the benefit of employees of the University. (*See, e.g.,* Compl. ¶¶ 6, 7 ("The Defendant [Liberty Life] maintains and administers various employee benefit plans that are governed by ERISA. One such plan is the Defendants' plan which provides [g]roup [s]hort[-] and [l]ong[-t]erm disability benefits. ... [This plan] provides for the payment of monthly benefits to eligible employees ....")) The only issue, then, is whether the University is an "agency or instrumentality" of the Commonwealth of Virginia.

It clearly is. *See* Va. Code Ann. § 23–62 to 23–91.23:1 (West 2007); *Jones v. Commonwealth,* 591 S.E.2d 72, 76 (Va. 2004) ("The University is a governmental entity. Its powers and duties, exercised by the Rector and Visitors of the University, are created by statute and are controlled by the General Assembly."); *James v. Jane,* 282 S.E.2d 864, 865 (Va. 1980) ("The President of the University has ultimate responsibility to the Rector and Board of Visitors, an agency of the Commonwealth of Virginia."); *see also Phillips v. Rector & Visitors of Univ. of Va.,* 34 S.E. 66, 67 (Va. 1899) ("It is plain that the University of Virginia is in the strictest sense a public institution, and that its grounds and buildings are public property, the property of the state, that it is governed and controlled solely by the state, that its grounds and buildings are wholly dedicated to public uses, and that the interest of the public constitutes its ends and aims.").

Plaintiff attempt to salvage her case by pointing to *Alley v. Resolution Trust Corp.,* 984

F.2d 1201 (D.C. Cir. 1993). In *Alley*, the D.C. Circuit held that a benefit plan for employees of the now-defunct Federal Asset Disposition Association ("FADA") was not an ERISA "governmental plan" and was therefore not exempt from ERISA's coverage. *See Alley*, 984 F.2d at 1206. But implicit in that court's holding was the fact that FADA had not previously been explicitly characterized as an "agency or instrumentality" of the federal government. *See id.* at 1205 ("For some purposes, FADA might properly be characterized an agency or instrumentality of the federal government. ... On the other hand, certain of FADA's features would not be found in a standard Field Guide to Governmental Entities ...."); *see also Berini v. Fed. Reserve Bank of St. Louis*, 420 F. Supp. 2d 1021, 1027 (E.D. Mo. 2005) ("Thus, the court [in *Alley*] looked beyond the plain language of the statute only after ... acknowledging the difficulty in determining whether FADA was clearly an instrumentality under 29 U.S.C. § 1002(32). There is no such ambiguity with respect to the federal reserve bank."). As a survey of the above-cited statutes and cases show, however, there is no similar problem in characterizing the University—it is clearly an agency of the Commonwealth of Virginia and, therefore, falls squarely within the unambiguous language of an ERISA governmental plan.

Such a holding has support outside of the Fourth Circuit. *See, e.g., In re Quinn*, 327 B.R. 818, 823 (W.D. Mich. 2005) ("[T]he [Michigan State University] Plan for which the TIAA annuity was issued is a 'governmental plan' as defined by 29 U.S.C. § 1002(32) and is therefore exempt from regulation under ERISA."); *Veale v. Standard Ins. Co.*, No. 05-CV-0629, 2006 WL 1720551, at *1 & n.1 (N.D. Okla. June 22, 2006) (unreported opinion) (holding that plaintiff's breach-of-contract claim for long-term disability benefits from a plan sponsored by the defendant insurance company through her employer—the University of Oklahoma—could not be brought under ERISA because that statute is "inapplicable because the University of

-4-

Case 3:06-cv-00055-NKM-BWC   Document 28   Filed 01/30/07   Page 4 of 5   Pageid#: 238

Oklahoma plan is a government[al] plan."). *But see Krupp v. Lincoln Univ.*, 663 F. Supp. 289 (E.D. Pa. 1987) (allowing suit against defendant university under ERISA because university had long been and remained a private, nonprofit corporation).

### III. CONCLUSION

Because the Court finds that the University's disability plan is a "governmental plan," ERISA is not implicated. Because ERISA is not implicated, the Court lacks subject matter jurisdiction to hear Plaintiff's claim. Therefore, the Court will not address Defendant's remaining arguments.

Accordingly, this case will be dismissed without prejudice in an order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____
United States District Judge

January 30, 2007
Date

Case 3:06-cv-00055-NKM-BWC   Document 28   Filed 01/30/07   Page 5 of 5   Pageid#: 239